1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

LUIS FERNE OLAVE-VALENCIA,

Civil Case No. 13-cv-874-BTM
Crim. Case No. 03-cr-2744-BTM

12

                              Defendant-Movant,

**ORDER**

        v.

13

UNITED STATES OF AMERICA,

14

                              Plaintiff-Respondent.

15
16
17

     Defendant has filed a petition for a writ of *audita querela* under the All Writs Act, 28

18

U.S.C. § 1651, attacking his previous conviction and sentence.  He has also moved to

19

transfer the case.  For the reasons below, Defendant's Petition is **DISMISSED** and the

20

motion is **DENIED** (ECF No. 309).

21
22

## I.  BACKGROUND

23

     On May 27, 2004, Defendant was convicted by jury trial for conspiring to possess, and

24

possession of, cocaine on board a vessel with intent to distribute.  On July 25, 2005, this

25

Court sentenced Defendant to 180 months in prison and a five-year term of supervised

26

release.  Defendant appealed, and the conviction and sentence were affirmed by the Ninth

27

Circuit on October 18, 2007 (ECF No. 266).

28

     On June 27, 2009, Defendant filed a motion to vacate, set aside, or correct his

1   sentence pursuant to 28 U.S.C. § 2255.  The Court denied his motion, and denied a

2   certificate of appealability, on October 15, 2009.  Defendant did not appeal

3       On January 1, 2013, Defendant filed a petition for a writ of *audita querela* pursuant

4   to 28 U.S.C. § 1651 in the Central District of California, Case No. 13cv32-PSG-JCG.  The

5   Central District found that it did not have jurisdiction, since the sentence being contested was

6   imposed by this Court, and accordingly transferred the case to the Southern District of

7   California.  The case was opened as a petition for a writ of habeas corpus pursuant to 28

8   U.S.C. § 2241, Case No. 13-cv-229-GPC-BLM.  However, after reviewing the petition, Judge

9   Curiel determined that the case should have been docketed as a 28 U.S.C. § 2255 case.

10  The case was then transferred to this Court, as the one that originally imposed the sentence

11  that Defendant is now attacking.

12

13                          **II.  DISCUSSION**

14      In his petition for a writ of *audita querela*, Defendant argues that his sentence should

15  be vacated because he was "arrested in international waters close to Belize" and the

16  Eleventh Circuit recently held that "Congress exceeded its power, under the Offences

17  Clause, when it proscribed the defendants' conduct in the territorial waters of Panama."

18  United States v. Bellaizac-Hurtado, 700 F.3d 1245, 1258 (11th Cir. 2012).

19      However, "a federal prisoner may not challenge a conviction or sentence by way of

20  a petition for a writ of *audita querela* when that challenge is cognizable under § 2255

21  because, in such a case, there is no 'gap' to fill in the postconviction remedies."  United

22  States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).  Defendant had previously

23  filed a § 2255 motion (see ECF No. 290)[1], which was denied on October 15, 2009 (see ECF

24  No. 303).  Under § 2255, he may only file a second or successive motion once it has been

25  certified by the appropriate court of appeals.  See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

26  Because his challenge is cognizable under § 2255 but the Ninth Circuit has not authorized

27  _____

28      [1]All docket references are to 03cr2744-BTM.

2

1  him to file another § 2255 motion, the Court must dismiss Defendant's petition for a writ of

2  *audita querela*.

3      The defendant has also moved to transfer the case.  However, he has not stated what

4  district the Court should consider transferring the case to, nor any reasons why that district

5  would be more appropriate.  In any event, the case Defendant relies on, Dobard v. Johnson,

6  749 F.2d 1503 (11th Cir. 1985), confirms that the appropriate court is the one where the

7  defendant was convicted and sentenced.  In Dobard, the Eleventh Circuit held that "where

8  substantial incidents of conviction and sentence are divided between two federal judicial

9  districts, either district court is the court of conviction and sentence within the meaning of

10 Sec. 2241(d) and has power to entertain the petition on its merits or transfer it."  729 F.2d

11 at 1505.  Since the defendant was convicted and sentenced in this Court, his request to

12 transfer the case is denied.

13

14              III.  **CONCLUSION**

15      For the reasons above, the Court **DISMISSES** the Petition for a writ of *audita querela*

16 and **DENIES** the motion to transfer the case (ECF No. 309).  The Clerk shall enter judgment

17 dismissing the Petition.

18

19 **IT IS SO ORDERED.**

20 DATED:  April 12, 2013

21              _____
                BARRY TED MOSKOWITZ, Chief Judge
22              United States District Court

23

24

25

26

27

28