# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FERNE OLAVE-VALENCIA,<br><br>            Defendant-Movant,<br>   v.<br>UNITED STATES OF AMERICA,<br><br>            Plaintiff-Respondent. | Civil Case No. 13-cv-874-BTM<br>Crim. Case No. 03-cr-2744-BTM<br><br>**ORDER** |

Defendant has filed a petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651, attacking his previous conviction and sentence. He has also moved to transfer the case. For the reasons below, Defendant's Petition is **DISMISSED** and the motion is **DENIED** (ECF No. 309).

## I. BACKGROUND

On May 27, 2004, Defendant was convicted by jury trial for conspiring to possess, and possession of, cocaine on board a vessel with intent to distribute. On July 25, 2005, this Court sentenced Defendant to 180 months in prison and a five-year term of supervised release. Defendant appealed, and the conviction and sentence were affirmed by the Ninth Circuit on October 18, 2007 (ECF No. 266).

On June 27, 2009, Defendant filed a motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255.  The Court denied his motion, and denied a certificate of appealability, on October 15, 2009.  Defendant did not appeal

On January 1, 2013, Defendant filed a petition for a writ of *audita querela* pursuant to 28 U.S.C. § 1651 in the Central District of California, Case No. 13cv32-PSG-JCG.  The Central District found that it did not have jurisdiction, since the sentence being contested was imposed by this Court, and accordingly transferred the case to the Southern District of California.  The case was opened as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Case No. 13-cv-229-GPC-BLM.  However, after reviewing the petition, Judge Curiel determined that the case should have been docketed as a 28 U.S.C. § 2255 case.  The case was then transferred to this Court, as the one that originally imposed the sentence that Defendant is now attacking.

## II. DISCUSSION

In his petition for a writ of *audita querela*, Defendant argues that his sentence should be vacated because he was "arrested in international waters close to Belize" and the Eleventh Circuit recently held that "Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." United States v. Bellaizac-Hurtado, 700 F.3d 1245, 1258 (11th Cir. 2012).

However, "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).  Defendant had previously filed a § 2255 motion (see ECF No. 290)[1], which was denied on October 15, 2009 (see ECF No. 303).  Under § 2255, he may only file a second or successive motion once it has been certified by the appropriate court of appeals.  See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Because his challenge is cognizable under § 2255 but the Ninth Circuit has not authorized

---

[1] All docket references are to 03cr2744-BTM.

him to file another § 2255 motion, the Court must dismiss Defendant's petition for a writ of *audita querela*.

The defendant has also moved to transfer the case. However, he has not stated what district the Court should consider transferring the case to, nor any reasons why that district would be more appropriate. In any event, the case Defendant relies on, <u>Dobard v. Johnson</u>, 749 F.2d 1503 (11th Cir. 1985), confirms that the appropriate court is the one where the defendant was convicted and sentenced. In <u>Dobard</u>, the Eleventh Circuit held that "where substantial incidents of conviction and sentence are divided between two federal judicial districts, either district court is the court of conviction and sentence within the meaning of Sec. 2241(d) and has power to entertain the petition on its merits or transfer it." 729 F.2d at 1505. Since the defendant was convicted and sentenced in this Court, his request to transfer the case is denied.

### III. CONCLUSION

For the reasons above, the Court **DISMISSES** the Petition for a writ of *audita querela* and **DENIES** the motion to transfer the case (ECF No. 309). The Clerk shall enter judgment dismissing the Petition.

**IT IS SO ORDERED.**

DATED: April 12, 2013

*[signature]*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court